Anthony A. Zmaila (NV Bar No. 2319)
Email: tony@aaznevada.com
Peter J. Goatz (NV Bar No. 11577)
Email: peter@aaznevada.com
**ANTHONY A. ZMAILA LIMITED PLLC**
265 East Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
Telephone:    (702) 614-8800
Facsimile:    (702) 614-8700

*Attorneys for James F. Lisowski, Sr.*

## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CROFTS & MILLER, INC., dba THE ICE HOUSE LOUNGE,<br><br>Debtor. | Case No. BK-S-09-11393-BAM<br>Chapter 7<br><br>**MOTION TO SELL DEBTOR'S ASSETS**<br><br>Date of Hearing:   August 10, 2010<br>Time of Hearing:   2:30 p.m. |

James, F. Lisowski, Sr., the Chapter 7 Trustee ("Trustee") for the Estate of Crofts & Miller, Inc. d/b/a the Ice House Lounge ("Debtor") submits this Motion to Sell Debtor's Assets ("Motion") pursuant to 11 U.S.C § 363(b) and 363(f), and Rules 6004 of the Federal Rules of Bankruptcy Procedure.

This Motion is made and based upon 11 U.S.C. §§ 105 and 363, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and the following memorandum of points and authorities, and any argument of counsel to be presented at the hearing of this Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### A.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(a).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O) and is a proceeding arising in the bankruptcy case.

10010-01/511982_2

3. Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## B. STATUTORY AUTHORITY

The statutory predicates for the relief sought are 11 U.S.C. §§ 105, 363(b), 363(f), and 363(m). The related rules are Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## C. STATEMENT OF THE FACTS

1. On February 2, 2009, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this District. [Dkt. 1.]

2. The Trustee is duly appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case and has acted in that capacity ever since his appointment. [Dkt. 2.]

3. On December 31, 2009, the Trustee received an offer from Ice House Lounge, LLC ("IHL"), who had been in negotiations to purchase the land upon which the Debtor conducted business, to purchase the personal property of the Debtor, which includes furniture, fixtures and equipment, and a liquor license (LT16-00093) ("Liquor License").

4. IHL, unfortunately, did not end up acquiring the real property, and subsequently offered to purchase only the Liquor License for $15,000, and would bring current any outstanding fees owed to the City of Las Vegas after this Court's approval of this sale.

5. The Trustee accepted IHL's offer and required that IHL deposit $5,000 on the day that this Motion is filed with the balance due five (5) days after approval of this Motion by the Court.

## D. BUSINESS AND ASSETS OF DEBTOR

1. Debtor is a Nevada limited liability company which operated a restaurant and bar.

2. Debtor maintained, leased, and owned restaurant furniture and equipment.

3. Debtor obtained and maintained a Liquor License.

## E. SALE OF ASSETS

The Trustee desires to sell the Liquor License to IHL.

///

///

///

10010-01/511982_2

## II. LEGAL ARGUMENT

### A. THE LEGAL STANDARD FOR APPROVAL TO SELL ASSETS OF THE ESTATE

The Trustee may sell the property of the Debtor. The trustee's application of his sound business judgment in the use, sale or lease of property is subject to great judicial deference. *See, e.g., In re Moore*, 110 B.R. 924 (Bankr. C.D. Cal. 1990); *In re Canyon P'ship*, 55 B.R. 520 (Bankr. S.D. Cal. 1985).

In determining whether any sale of assets outside the ordinary course of business should be approved, bankruptcy courts generally consider the following factors:

1. Whether a sufficient business reason exists for the sale;

2. Whether the proposed sale is in the best interest of the estate, such that the proposed sale terms should have been properly negotiated and proposed in good faith and the purchaser should have been involved in an "arms-length" transaction with the seller; and

3. Whether notice of the sale was sufficient.

*See In re Walter*, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) (citing *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983).

#### 1. Whether a Sufficient Business Reason Exists for the Sale

The estate does not have many assets to liquidate and the business of the Debtor is no longer in operation. The furniture, fixtures, equipment and Liquor License represent almost all of Debtor's assets. Selling the Liquor License to IHL, who has been instrumental in maintaining the license's active status and the zoning on the real property, is highly desirable and will bring much needed liquidity into the estate.

#### 2. Whether the Proposed Sale is in the Best Interest of the Estate; Proposed Sale Terms are Proper and Made in Good Faith

The Debtor's business activities have been dormant since filing for bankruptcy. The property is not currently in use and is depreciating with every day that passes. IHL has been interested in acquiring the business assets of the Debtor since September 2009. IHL took steps to help the Trustee keep the Liquor License of the business of the Debtor active earlier this year. IHL is a

10010-01/511982_2

ready, willing, and able buyer, and the Estate will benefit more from this sale than it would if the estate had to look for other buyers.

IHL is to purchase the Liquor License (LT16-00093) for $15,000. IHL will deposit $5,000 on the day that this Motion is filed with the balance due five (5) days after approval of this Motion by the Court. Trustee will sell the liquor license via Trustee Bill of Sale, free and clear of all liens. IHL will also bring current all outstanding fees due on the Liquor License. These terms were made in good faith and would benefit the estate because the sale would bring liquidity in and would not cause the need for the estate to pay any fees to the City of Las Vegas in this sale.

### 3. Sufficient Notice

The Trustee gave notice with this Motion pursuant to Rule 2002(a)(2) of the Federal Rules of Bankruptcy Procedure.

### III.  CONCLUSION

Based on the foregoing, the Trustee requests that this Court grant this Motion and allow the Trustee to sell to IHL the Liquor License free and clear of all liens.

DATED this 8th day of July, 2010.

ANTHONY A. ZMAILA LIMITED PLLC

_____
Anthony A. Zmaila (NV Bar No. 2319)
Peter J. Goatz (NV Bar No. 11577)
265 East Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119

*Attorneys for James F. Lisowski, Sr.*

10010-01/511982_2